UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY C. SHATTLES and          :
LORETTA SHATTLES,
                               :
     Plaintiffs,
                               :       CIVIL ACTION NO.
v.
                               :       1:05-CV-3179-MHS
BIOPROGRESS PLC, et al.,
                               :
     Defendants.
                               :

## **ORDER**

    There are several matters pending before the Court. The Court's rulings and conclusions are set forth below.

## Background

    Plaintiff Larry Shattles is one of the original founders of Bioprogress Technology International, Inc., ("BTII") and has been with the company for over twelve years.

In late 2002, BTII retained the law firm of Dechert LLP ("Dechert") to represent BTII with respect to a corporate reorganization and admission to trading on the Alternative Investment Market of the London Stock Exchange in the United Kingdom ("U.K."). The transaction involved the incorporation of a new U.K. company, Bioprogress plc ("Bioprogress"). Bioprogress became the parent company to BTII.

Mr. Shattles and certain members of his family held U.S. BTII common stock, or "Founder's Stock." Mr. Shattles had received this special stock for his long time service with the company and its predecessors, and he and his family were the only shareholders of this special class of stock.

From November of 2002 through April 2003, attorneys at Dechert spoke with Mr. Shattles regarding the conversion of his personal stock shares. Dechert attorneys informed Mr. Shattles of the new stock structure and the impact it would have on his family's shares. These Founder's Stock shares were converted into 595,906 shares of C Series Preferred Stock before the merger of BTII.

2

On November 17, 2005, Mr. Shattles filed suit in Fulton County Superior Court against defendants Bioprogress and one of its subsidiaries, BioTec Films, LLC.  Defendants removed the case to this Court on December 16, 2005, based on diversity jurisdiction.  On February 24, 2006, Mr. Shattles filed an amended complaint adding his spouse, Loretta Shattles, as a plaintiff and adding defendants' alleged benefit plans as additional defendants.

In their amended complaint, plaintiffs allege several claims against defendants: breach of contract, breach of trust, deprivation of personal property, breach of fiduciary duty, interference with benefits and failure to pay benefits pursuant to the Employee Retirement Income Security Act ("ERISA"), and failure to produce plan documents pursuant to ERISA.  Specifically, plaintiffs state that Mr. Shattles has already exchanged 341,373 shares of his BTII Series C Preferred Stock into ordinary shares of Bioprogress stock.  Plaintiffs allege that Bioprogress has consistently refused to convert the remaining 245,533 shares of Series C Preferred Stock.

On March 10, 2006, defendants answered the amended complaint and defendant Bioprogress filed a counterclaim against plaintiff Larry Shattles for

3

breach of fiduciary duty, breach of the duty of loyalty, conversion and misappropriation, and breach of contract.

Defendants are represented in this action by Smith Moore LLP and Dechert. Plaintiffs have filed a motion to disqualify Dechert as attorneys for defendants.

Also pending before the Court are defendants' motion to strike the first sentence of paragraph 24 of plaintiffs' amended complaint, plaintiffs' motion for sanctions, and defendants' motion to amend the answer to the amended complaint.

Discussion

I.   Plaintiffs' Motion to Disqualify Firm of Dechert, LLP as Attorneys for Defendants

Plaintiffs argue that Dechert should be disqualified from the present action because of their prior attorney-client relationship with plaintiff and because the matter embraced within the pending suit is substantially related to the matter involved in the previous representation.  Plaintiffs contend that Mr. Shattles sought the advice of Dechert attorneys regarding the conversion of the Founders Stock and that Dechert attorneys advised Mr. Shattles on this conversion.  In

4

addition, plaintiffs argue that Dechert's former representation of Mr. Shattles consisted of guidance and advice regarding his decision to convert his shares of Founders Stock to Series C Preferred Stock and that the present suit focuses primarily on Bioprogress's refusal to convert those same shares of Series C Preferred Stock. Finally, plaintiffs aver that the law presumes the firm received confidential information relevant to the present action during its prior representation of plaintiff.

Defendants argue in response that Dechert never had an attorney-client relationship with plaintiff. Defendants contend that plaintiffs have failed to meet their burden or offer sufficient proof of the existence of an attorney-client relationship, and instead defendants have put forth compelling evidence that no relationship existed. Defendants assert that the Court should not allow plaintiffs to deprive defendants of their choice of counsel in this case.

The Eleventh Circuit has developed a two part test for disqualification of counsel: "first, the party seeking disqualification must prove it once enjoyed an attorney-client relationship with the opposing lawyer; and second, the movant must 'show that the matters embraced within the pending suit are *substantially*

AO 72A
(Rev.8/82)

*related* to the matters or cause of action wherein the attorney previously represented it.'" Cox v. Am. Cast Iron Pipe Co., 847 F.2d 725, 728 (11th Cir. 1988) (quoting Wilson P. Abraham Constr. Corp. v. Armco Steel Corp., 559 F.2d 250, 252 (5th Cir. 1977)).  In addition, Local Rule 83.1(c) states that all lawyers practicing before this Court shall be governed by the Georgia Rules of Professional Conduct.  Rule 1.9(a) of the Georgia Rules of Professional Conduct states that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation."  When an attorney actually represents a party, the attorney is charged with a virtually unrebuttable presumption that he/she has received confidential information from the company. Cox, 847 F.2d at 729.  Moreover, one attorney's knowledge may be imputed to his current partners or employees.  Id.

The first question for the Court is whether plaintiffs have met the threshold requirement of showing that an attorney-client relationship existed between Mr. Shattles and Dechert.  The basic question with regard to the formation of an attorney-client relationship is whether plaintiffs have sufficiently established that

6

advice or assistance of the attorney is both sought and received in matters pertinent to the profession. Newberry v. Cotton States Mutual Ins. Co., 242 Ga. App. 784, 785 (2000). The attorney-client relationship cannot be created unilaterally in the mind of the client, and the state of mind of the alleged client is not sufficient to create a confidential relationship. Id.; Guillebeau v. Jenkins, 182 Ga. App. 225, 230 (1987). Instead, a "reasonable belief" on the part of the would-be client that he/she was being represented by the attorney is all that is necessary. Calhoun v. Tapley, 196 Ga. App. 318, 319 (1990); Guillebeau, 182 Ga. App. at 231. A reasonable belief is defined as one which is reasonably induced by representations or conduct by the attorney. Calhoun, 196 Ga. App. at 319; Guillebeau, 182 Ga. App. at 230. The attorney-client relationship may be expressly created by written contract or may be inferred from the parties' conduct. Horn v. Smith & Meroney, P.C., 194 Ga. App. 298, 299 (1990).

The parties agree that there was no attorney-client contract and that Mr. Shattles did not pay any fees to Dechert. Therefore, the Court must look to the conduct of Mr. Shattles and Dechert attorneys to determine whether an attorney-client relationship existed. After a review of the evidence, including several emails and telephone conversations that occurred between Mr. Shattles and

AO 72A
(Rev.8/82)

Dechert attorneys, the Court finds that Mr. Shattles's belief that Dechert was representing him was reasonable.

According to the email correspondence, Dechert attorney Brian McCall contacted Mr. Shattles, told him that he might have some ways to help, and requested Mr. Shattles phone number so that they could discuss the matter. Mr. Shattles accepted his offer of help and gave attorney McCall his phone number. Next, Barry Muncaster, former Chief Executive Officer of BTII, emailed Mr. Shattles that he had a note from attorney McCall and Dechert attorney David Shapiro saying that the attorneys had worked out a way to handle Mr. Shattles stock. The next email from Dechert attorney Martin Rose to Mr. Shattles asks him to confirm which kind of stock he holds. Attorney McCall later sent Mr. Shattles an email confirming a conversation he had with attorney Rose and Mr. Shattles about how the restructuring of the stock would occur. Finally, Muncaster sent an email to attorney Rose explaining that he had forwarded attorney Rose's request directly to Mr. Shattles and suggesting that attorney Rose and Mr. Shattles work directly together. The representations and conduct of Dechert attorneys, namely contacting Mr. Shattles and offering ways to help him with the stock restructuring, created a reasonable belief that Dechert attorneys were working on behalf of Mr.

8

Shattles. After Dechert attorneys contacted Mr. Shattles, he sought their help by providing answers to their questions and in turn he received their help with the restructuring.

Mr. Shattles states in his affidavit that it was his understanding that Dechert represented him in an individual capacity. However, Mr. Shattles's subjective belief is irrelevant. Attorney McCall contends that he told Mr. Shattles on more than one occasion that Dechert represented BTII and not him individually, and that Mr. Shattles might want to consider contacting an attorney to advise him personally. On the other hand, Mr. Shattles asserts that Dechert never informed him to retain other representation. Although the parties disagree about what was said regarding Mr. Shattles acquiring outside representation, the evidence submitted does not prove that any Dechert attorneys told Mr. Shattles to acquire outside counsel or informed Mr. Shattles that Dechert was not representing him individually. The emails submitted by attorney McCall only confirm McCall's version of the facts that he had told Mr. Shattles about acquiring outside counsel. Thus, the Court concludes that plaintiffs have sufficiently established that Mr. Shattles sought and received Dechert attorneys' legal advice or assistance about the stock conversion.

9

Having found that an attorney-client relationship existed, the Court now turns the second prong of the <u>Cox</u> inquiry to determine whether the matters in this suit are substantially related to the matters wherein Dechert attorneys previously represented Mr. Shattles.   Dechert attorneys advised Mr. Shattles on the conversion of Mr. Shattles's Founder's Stock into Series C Preferred Stock before BTII was acquired by Bioprogress. Mr. Shattles alleges in his amended complaint a breach of contract claim against defendant Bioprogress for refusing to exchange his Class C Stock in BTII into Bioprogress Stock. Mr. Shattles further alleges that defendants created a constructive trust for him when it placed his Founder's Stock into Class C Stock. Mr. Shattles contends that defendants' refusal to turnover the corpus of the trust constitutes breach of trust, and defendants' refusal to return all of the Class C Stock constitutes a theft of personal property. The Court finds that the matters wherein Dechert attorneys previously rendered advice to Mr. Shattles are substantially related to the matters now pending in this case. Dechert attorneys advised Mr. Shattles on the conversion of his Series C Preferred Stock and this stock is now the subject of this suit.

Accordingly, the Court grants plaintiffs' motion to disqualify Dechert LLP as counsel for defendants in this case. The Court is cognizant of defendants' right

10

to freely choose its own counsel.  However, the Court does not believe that the disqualification of Dechert limits this right or places an undue burden on defendants because they are also represented by Smith Moore LLP.  Accordingly, defendants' motion to withdraw Veronica B. Rice, an attorney with Dechert LLP, is denied as moot.

II.    Defendant Bioprogress plc's Motion to Strike the First Sentence of Paragraph 24 of the Amended Complaint

Defendant Bioprogress moves to strike the first sentence of paragraph 24 of plaintiffs' amended complaint because this sentence purports to disclose the content of the alleged legal advice Dechert gave to Bioprogress.  The statement in the amended complaint specifically states in part that during the stock transfer, "the company's counsel at Dechert, LLP recommended that the company amend" a certain form.  Am. Compl. at ¶ 24.  This statement, drafted by plaintiffs, demonstrates that Dechert represented Bioprogress and that Dechert gave legal advice to the company about the filing of this form.  Defendant Bioprogress admits that it hired Dechert to represent the company with respect to Bioprogress's corporate reorganization.  The amendment to the form mentioned in the amended complaint was also part of this corporate reorganization.  Plaintiffs

11

have cited to no authority for their proposition that the representation of both Mr. Shattles and Bioprogress undercuts any confidentiality in the statement. The Court grants Bioprogress's motion to strike because Bioprogress has met its burden and the statement in plaintiffs' amended complaint is protected by the attorney-client privilege.

III.     Plaintiffs' Motion for Sanctions Against Attorneys Loomis and Rice & Defendants' Motion to Amend the Answer

Plaintiffs move for sanctions against defendants' attorneys Loomis and Rice pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 for the allegedly false denial of factual contentions in bad faith by defendants in their answer to plaintiffs' amended complaint. The Court finds that defendants' counsel conducted a reasonable inquiry into the factual allegations as required by Rule 11 when they answered plaintiffs' amended complaint, did not act in bad faith, and did not unreasonably and vexatiously multiply proceedings. In addition, defendants' counsel have filed a motion to amend defendants' answer in an attempt to resolve the issue, to which plaintiffs have not responded. Accordingly, the Court denies plaintiffs' motion for sanctions and grants defendants' motion to amend the answer to the amended complaint.

AO 72A
(Rev.8/82)

Conclusion

For the foregoing reasons, the Court GRANTS plaintiffs' motion to disqualify firm of Dechert LLP as attorney for defendants [#8]; GRANTS defendant Bioprogress's motion to strike [#12]; GRANTS defendants' motion to amend the motion to strike [#14]; STRIKES the first sentence of paragraph 24 of plaintiffs' amended complaint; DIRECTS the Clerk to seal plaintiffs' original complaint [#1], the amended complaint [#7], plaintiffs' first response to defendants' motion to strike [#17], and plaintiffs' motion for sanctions [#34] because each of these documents contains privileged information; DIRECTS plaintiffs to re-file the amended complaint with the first sentence of paragraph 24 redacted; DENIES plaintiffs' motion for sanctions [#34]; GRANTS defendants' motion to amend the answer to the amended complaint [#35]; GRANTS plaintiffs' motion to amend the motion for sanctions [#42]; and DENIES AS MOOT attorney Veronica B. Rice's Motion to Withdraw [#50].

IT IS SO ORDERED, this ___ day of July, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

13

AO 72A
(Rev.8/82)